**S. Tenney McGRAW, Plaintiff,**

v.

**Konrad H. MATTHAEI, Defendant.**

**Civ. No. 37965.**

United States District Court,
E. D. Michigan, S. D.
April 11, 1972.

Fischer, Franklin & Ford, Detroit, Mich., for plaintiff.

Sanford Tannenbaum, Cross, Wrock, Miller & Vieson, Detroit, Mich., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

KAESS, District Judge.

This is a suit to recover on a promissory note executed in New York and payable in Michigan. According to plaintiff's affidavit, the promissory note of the defendant was given to the plaintiff in payment for the purchase by the defendant of a part of plaintiff's interest in the Parson's Investment Company, a Michigan limited co-partnership.

Both the plaintiff and the defendant were limited partners and each had a one-eleventh interest in the limited partnership. The co-partnership was initially formed to purchase and hold certain assets, all located in Detroit, Michigan.

Defendant has been in Michigan on a number of occasions to attend partnership meetings.

At the 1967 annual meeting of the limited partnership, plaintiff offered to sell his interest to any of the remaining partners. Apparently, defendant was not at this meeting. Plaintiff's offer was communicated to defendant in New York, where defendant accepted.

The necessary papers, including the note, were prepared in Detroit and forwarded to defendant in New York, where he executed them. Plaintiff alleges that the execution of these papers was handled by the Comac Company as agent for defendant.

Defendant made two payments on the note and has now refused further payment.

The issue to be decided by the court is whether the above described transactions provide a sufficient basis for this court to exercise limited personal jurisdiction over the defendant, as provided by M.C.L.A. § 600.705.

Recently the Michigan Supreme Court stated that M.C.L.A. § 600.705 represents an attempt by the Michigan legislature to expand to its full potential limited personal jurisdiction of Michigan courts over nonresidents. Sifers v. Horen, 385 Mich. 195, 188 N.W.2d 623 (1971).

With this interpretation of the statute, the only real limitation placed on the statute is the due process clause of the 14th Amendment of the federal constitution.

In order for a defendant to be subject to the limited personal jurisdiction of this court, due process requires only that he have certain minimum contacts with the state, such that maintenance of the suit does not offend the traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The "minimum contacts" test, as set out in *International Shoe*, supra, has been criticized as being too vague to be of practical use. However, the Supreme Court has provided additional guidelines:

> "The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)

It has been repeatedly held that the "minimum contacts" test is applicable to individuals as well as corporations. Hamilton Nat. Bank v. Russell, 261 F. Supp. 145 (D.C.Tenn., 1966); Owens v. Superior Court of Los Angeles County,

52 Cal.2d 822, 345 P.2d 921 (1959); J. W. Sparks & Co. v. Gallos, 47 N.J. 295, 220 A.2d 673 (1966).

Defendant has placed great emphasis on the fact that he was not physically present in the state when he executed the note. This court is of the opinion that one need not be physically present in the state to "transact business within the state."

Modern technology has taken us far beyond the point where two men must stand in each other's physical presence to transact business. Widespread use of the telephone and the mails make actual physical presence unnecessary in many cases. New methods of communication, such as the picture phone, allow a businessman to be "electronically present" in a state. Exact copies of executed documents can be transmitted electronically in a matter of seconds.

For all practical purposes, transactions accomplished with such devices have the same effect as if the two men had been in each other's physical presence.

■ Physical presence in the state is a factor to consider, but it should not be the controlling factor in determining jurisdiction. Koplin v. Thomas, Haab and Botts, 73 Ill.App.2d 242, 219 N.E.2d 646 (1966).

■ Therefore, the basic test of whether a defendant has transacted any business within the state should be: Has defendant's business activity given rise to a minimum number of contacts within the state, so that it is not basically unfair to require his presence within the state to defend a suit.

■ No hard and fast rule is possible, but the following factors should be considered:

(1) Some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.

(2) What is the legitimate interest of the forum state in protecting its residents with respect to the transaction in question.

(3) How much inconvenience will result to the nonresident defendant from a trial away from his home?

(4) Where are the crucial witnesses and material evidence to be found?

(5) How many contacts are there with the forum state?

In the present case the note was executed in New York. However, the execution of the note was only one of a series of events relating to the sale of plaintiff's interest in a Michigan limited partnership. The partnership was licensed in Michigan, and transacted all of its business in Michigan.

Prior to the sale both plaintiff and defendant were limited partners. Plaintiff made the offer to sell his partnership interest in Michigan. Defendant has been in Michigan on numerous occasions to attend the partnership meetings.

According to plaintiff's affidavit the note and other papers involved in the transaction were prepared by a Michigan law firm which represented the Parsons Investment Company. As such, they could be said to be acting as agents for the defendant. Plaintiff further states that the execution of the note was handled by the Comac Company, which he believes was acting as defendant's agent. The note itself was payable in Michigan, and two payments were made on it.

It appears to the court that if there are any defenses to the non-payment of the note, they will relate to some event or transaction which took place in Michigan.

In view of all of these factors, can it be said that it would be basically unfair to make the defendant come to Michigan to defend this suit? Certainly not.

This case is similar to the case of Hamilton National Bank of Chattanooga v. Russell, 261 F.Supp. 145 (D.C.Tenn., 1966). In that case, the three defend-

ants executed a note in Alabama. Defendant Smith brought the note to Chattanooga and delivered it, by hand, to the plaintiff. Plaintiff deposited the proceeds of the note to the account of the City National Bank of Sylacauga, Alabama, which account was maintained by the plaintiff bank. The note was payable at the offices of the plaintiff in Chattanooga. The Tennessee statute involved in that case was almost identical to M.C.L.A. § 600.705. The District Court in Tennessee held that it could exercise limited personal jurisdiction over all of the defendants, since plaintiff had established sufficient minimum contacts with Tennessee, and these contacts were of such a nature that the law suit did not offend "traditional notions of fair play and substantial justice."

The present case is a Michigan case. The preponderance of the contacts are in Michigan. No great inconvenience will result if the defendant is required to come to Michigan and defend this suit. He transacted business in Michigan and he must now answer for the consequences.

Therefore, it is ordered that defendant's motion to dismiss for lack of jurisdiction be and hereby is denied.