ANDERSON, CLAYTON & COMPANY v ATLAS CONCRETE PIPE, INC

1. Courts—Jurisdiction—Due Process—Long-Arm Statute.

Entering into a contract to be performed in Texas by mail and telephone with a resident of Texas is engaging in business in Texas sufficiently to give Texas courts jurisdiction of a suit on the contract within the provisions of the Texas "long-arm" statute.

2. Courts—Jurisdiction—Due Process—Long-Arm Statute.

The Texas long-arm statute providing that a nonresident entering into a contract by mail or otherwise with a resident of Texas to be performed in whole or in part in Texas is doing business in Texas and that such doing business shall be deemed equivalent to appointing the Secretary of State of Texas as agent for service of process, and further providing for such service as to give actual notice to the nonresident of a suit against it in Texas courts, does not offend traditional notions of fair play and justice and therefore a judgment rendered against the nonresident in Texas is to be given full faith and credit in Michigan.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 May 3, 1972, at Lansing. (Docket No. 11289.) Decided May 25, 1972.

Complaint by Anderson, Clayton & Company against Atlas Concrete Pipe, Inc. to recover on a foreign judgment. Summary judgment for plaintiff. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 62 Am Jur 2d, Process § 75 et seq.

Construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations on making or performing a contract within the state, 23 ALR3d 551.

*Edmund B. Brownell,* for plaintiff.

*Robert J. White,* for defendant.

Before: QUINN, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

QUINN, P. J. Plaintiff brought this action to recover on a Texas judgment in its favor against defendant. On the basis of the stipulated facts, the trial judge granted plaintiff's motion for summary judgment, GCR 1963, 117. Defendant's appeal attacks the validity of the Texas judgment on the basis of the lack of Texas *in personam* jurisdiction over defendant.

Plaintiff is a Delaware corporation licensed to do business in Texas and has its principal place of business in Harris County, Texas. Defendant is a Michigan corporation and has its principal place of business in Genesee County, Michigan.

On or about June 19, 1969, defendant was not licensed to do business in Texas; defendant did not maintain a place of regular business in Texas; defendant had no designated agent in Texas upon whom process could be served in any case that might arise out of any business defendant might do in Texas.

Sometime prior to July 19, 1968, an employee of defendant expressed to an employee of plaintiff defendant's interest in a pipe clamp like one he had observed in Baton Rouge, Louisiana, and he asked for a quotation. Defendant's employee referred to a clamp that would handle a 93" O.D. pipe 12' 6" long and weighing up to 26,000 pounds. Defendant's employee indicated that the clamp

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

should be equipped with mounting brackets to fit a 1966 Yale series G-3 -200- MOS-G type G.

On July 19, 1968, plaintiff's employee wrote a letter to defendant's employee quoting him a clamp to conform to the above specifications. On or about July 24, 1968, defendant's employee called plaintiff's employee on the telephone and placed an order to purchase the clamp. Plaintiff's employee confirmed this order by letter dated July 30, 1968. In the letter plaintiff's employee asked that plaintiff be furnished with certain truck carriage dimensions in order that it could provide proper mounting brackets to the clamp. On or about August 7, 1968, plaintiff received from defendant on its letterhead the requested truck carriage dimensions and also the make of the truck, its model, and its serial number.

Defendant's employee telephoned the purchase order and mailed the information relative to the truck to plaintiff's employee at plaintiff's principle place of business in Harris County, Texas. Plaintiff's employee wrote its confirming letter from the same place in Texas.

At Harris County, Texas, plaintiff assembled the necessary components of the clamp, which included an auxiliary valve and hose take-up assembly, and shipped it from there to defendant on September 27, 1968. The shipment arrived in Flint, Michigan sometime between September 27, 1968 and October 15, 1968. On the latter date, defendant returned the shipment to plaintiff and plaintiff paid return freight charges of $217.31. Plaintiff has since held the merchandise for defendant.

Thereafter plaintiff demanded payment by defendant of the sum of $7,580, the price of the clamp, valve and assembly plus $217.31 freight

charges paid by plaintiff on the return of the merchandise. Defendant refused payment and plaintiff brought suit in district court of Harris County, Texas. Pursuant to art 2031b, § 3 of Texas Revised Civil Statutes, a "long arm" statute, process was served by a deputy sheriff on the Secretary of State of Texas who forwarded a copy of the same by certified mail, return receipt requested, to defendant at P. O. Box 7407, Flint, Michigan. The Texas Secretary of State received the return receipt bearing the addressee's signature and defendant had actual notice of the Texas suit.

Defendant did not appear in nor respond to the suit in Texas, and on August 20, 1969, the district court in Texas gave judgment against defendant and in favor of plaintiff for $7,797.31 damages, plus interest of $273 and attorney fees of $750, for a total judgment of $8,820.31 and costs of court. None of this judgment has been paid.

Section 3, supra, reads in pertinent part:

"Any foreign corporation * * * that engages in business in this state * * * and does not maintain a place of regular business in this state or a designated agent upon whom service may be made upon causes of action arising out of such business done in this state, the act or acts of engaging in such business within this state shall be deemed equivalent to an appointment by such foreign corporation * * * of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceeding arising out of such business done in this state * * * ."

Section 4 of the same statute reads in pertinent part:

"For purposes of this act * * * any foreign corporation * * * shall be deemed doing business in this state by entering into contract by mail or otherwise with a

resident of Texas to be performed in whole or in part by either party in this state * * * ."

The stipulated facts establish that defendant, a foreign corporation, engaged in business in Texas by entering into a contract by mail and telephone with a resident of Texas, plaintiff, and that the contract was to be performed in Texas by plaintiff. The same facts establish that the cause of action arose out of this business. It is clear that the stipulated facts bring this case within the provisions of the Texas "long arm" statute, and that the Texas district court had *in personam* jurisdiction of defendant. Thus the Texas judgment is valid and enforceable in Michigan under the full faith and credit clause of the United States Constitution unless the procedure authorized and followed for obtaining personal jurisdiction offends the due process clause of the United States Constitution.

In *International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945), the Supreme Court said: " * * * Due Process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'."

The stipulated facts establish that defendant had the minimum contacts in Texas to subject defendant to suit in that state and the maintenance of such suit does not offend traditional notions of fair play and substantial justice.

Affirmed with costs to plaintiff.

All concurred.