NRM CORP., APPELLANT, *v.* PACIFIC PLASTIC PIPE CO., APPELLEE.

(No. 6889—Decided January 24, 1973.)

APPEAL: Court of Appeals for Summit County.

*Messrs. Buckingham, Doolittle & Burroughs,* and *Mr. Duane Morris* for appellant.

*Messrs. Brouse & McDowell, Miss Linda Kersker,* and *Mr. Norman S. Carr,* for appellee.

VICTOR, J. NRM Corporation, an Ohio corporation, filed an action in the Court of Common Pleas of Summit County, Ohio, on an account for the price of machinery sold and delivered to the defendant, Pacific Plastic Pipe Company, an Oregon corporation. Service was obtained in Oregon upon Pacific.

Pacific filed a motion to dismiss the action on the grounds of improper venue, insufficiency of process and of the service thereof, and for lack of jurisdiction over its person. The trial court granted the motion, and dismissed the action on the ground that it lacked jurisdiction over the person of Pacific for the reason that the corporation had not transacted any business in Ohio. NRM contends that, in making this order, the trial court erred.

The sole question involved is the reach of the Ohio "long-arm" statute (R. C. 2307.382), which provides, in part:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by agent, as to a cause of action arising from the person's:

"(1) Transacting any business in this state * * *;" and Civil Rule 4.3 (A)(1) authorizing service outside Ohio upon nonresident corporations "transacting any business in this state."

Historically, the jurisdiction of state courts, to enter judgment *in personam* on a nonresident, was grounded on personal service of process upon him within the state, or his appearance in the action upon service by publication. *Pennoyer* v. *Neff*, 95 U. S. 714.

With the growth of the corporate form of doing business an extension of the rule of actual presence within the forum was declared necessary by Chief Justice Stone, in *International Shoe Company* v. *Washington*, 326 U. S. 310 at 316, where, speaking for the court, he said that due process (under the 14th Amendment) "requires only that in order to subject a defendant to judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " This case was the basis for the

enactment, by the states, of the so-called "long-arm" statutes.

The question, then, in this case is: Does Pacific have such minimum contacts in Ohio that would constitute the "transacting of any business" within Ohio so as to subject it to the jurisdiction of the Ohio courts?

The instant case was submitted to the trial court upon the complaint and the affidavits of the parties. From them, we extract the following:

NRM maintained a factory representative in Seattle, Washington. This representative visited Pacific in Oregon some time in 1967. In April of 1968, as a result of these negotiations, Pacific mailed its own purchase order to NRM Corporation in Akron, Ohio. By means of this order, and other orders, Pacific agreed to buy, from NRM, pipe extrusion equipment manufactured by NRM in its Akron plant.

NRM accepted the orders, manufactured the equipment, and shipped it F. O. B. from its factory in Akron to Pacific's place of business in Oregon. Payments were mailed from Oregon to NRM in Akron. The ledger account, filed with the Complaint, shows 33 entries of charges and payments from October 1967, through September 1970. All business transactions were by letter correspondence and telephone, with the exception that, in November 1969, Pacific's purchasing agent traveled to Akron for the purpose of negotiating the differences that had arisen between the parties. In June 1968, after the machinery had been delivered to Oregon, a laboratory technician from NRM went to Oregon to start the first run of the machinery. Thereafter, in September 1968, one Bob Miller, a technical expert in the employ of NRM, visited Pacific's plant in an attempt to correct production deficiencies in the machinery.

Pacific is an Oregon corporation which manufactures and sells plastic pipe. Its sales are limited to the Pacific northwest and, primarily, to Oregon. It has never sold any items to, or obtained any revenue from any person or corporation in Ohio, nor has it ever dealt with or transacted any business with anyone in Ohio, other than this transaction with NRM.

It is clear that: (1) the entire transaction was initiated and completed by sales agents of NRM in Oregon; (2) Pacific's purchase order was mailed to Ohio and accepted in Ohio; (3) there is no evidence that the machinery was custom made to plans and specifications detailed by Pacific; (4) the goods were shipped by NRM to Pacific in Oregon; (5) no representative of Pacific was ever in Ohio concerning this transaction, other than on one occasion when efforts were made to compromise the controversy which had arisen.

We determine that the signing, and mailing, in Oregon, of an order for the purchase of machinery by an Oregon corporation from an Ohio corporation, which machinery is to be shipped to and used in Oregon, is not such a "minimum contact" in Ohio as to charge the Oregon firm with "transacting any business" in Ohio, and thereby subject it to the jurisdiction of the Ohio courts.

The fact that an agent of NRM visited Akron to compromise the controversy is immaterial. See *American Compressed Steel Corp.* v. *Pettibone Mulliken Corp.*, 11 Ohio Misc. 1, at 5, wherein it is stated, in part:

"While appearances in a state in an effort to compromise a bona fide dispute may be the 'transaction of business' in the accepted business or economic sense, it is at least questionable whether the historic policy of the law favoring compromises would permit such activity to be held as 'business' in the legal sense as that term is used in 'long arm' statutes."

We have examined the Ohio-federal cases cited by appellant; they are distinguishable on their facts from the instant case.

We find no prejudicial error and affirm the judgment.

*Judgment affirmed.*

BRENNEMAN, P. J. and HUNSICKER, J., concur.

HUNSICKER, J. (Retired. Assigned to active duty under authority of Section 6 (C), Article IV, Constitution.)