STAN SAX CORPORATION v SIEFEN COMPOUNDS, INC.

Courts—Jurisdiction—Limited Personal Jurisdiction—Statutes.
  A defendant who was a manufacturer's representative in New
  York did transact business within the state for purposes of the
  statute dealing with limited personal jurisdiction and did
  thereby come within the jurisdiction of the Michigan courts
  where the orders were placed in Michigan by telephone and by
  mail (MCLA 600.705; MSA 27A.705).

Appeal from Wayne, Myron H. Wahls, J. Submitted April 12, 1976, at Detroit. (Docket No. 23561.) Decided May 17, 1976. Leave to appeal applied for.

Complaint by Stan Sax Corporation against Siefen Compounds, Inc. and Carroll A. Murphy for damages for breach of contract, fraud and misrepresentation, and tortious interference with a contractual business relationship. The trial judge denied defendant Murphy's motion to dismiss the complaint against him for lack of jurisdiction. Defendant Murphy appeals by leave granted. Affirmed.

*Gage, Brukoff, Dubin & Siudara* (by *Jeffrey T. Stewart*), for plaintiff.

*Colombo* and *Colombo* (by *Louis J. Colombo, Jr.,* and *Charles A. Lefevre*), for defendant Murphy.

Before: Bashara, P. J., and R. B. Burns and Quinn, JJ.

Reference for Points in Headnote
20 Am Jur 2d, Courts § 146.

R. B. BURNS, J. Plaintiff filed suit in Wayne County Circuit Court against the defendants. Defendant Murphy, who is a resident of the State of New York, filed a motion to dismiss the complaint against him for lack of jurisdiction. The trial judge denied his motion and he appealed to this Court by leave. We affirm.

Defendant Murphy was a manufacturer's representative for plaintiff. He serviced the Revere Copper and Brass Works in Rome, New York. All of his orders were placed by telephone or by mail.

Plaintiff alleges that Murphy breached his duties owed to plaintiff by representing defendant Siefen Compounds, Inc., which was in direct competition with the plaintiff. Plaintiff further alleges that Murphy engaged in fraudulent activities in misrepresenting plaintiff's status at Revere and by interfering with plaintiff's advantageous relationship with Revere.

The Supreme Court in *Sifers v Horen,* 385 Mich 195; 188 NW2d 623 (1971), stated that the statute represented an attempt by the Legislature to expand to its full potential limited personal jurisdiction of Michigan courts over nonresidents. MCLA 600.705; MSA 27A.705. The statute uses the phrase: "The transaction of any business within the state".

In *McGraw v Matthaei,* 340 F Supp 162 (ED Mich, 1972), Judge Kaess, Chief Judge for the Eastern District of Michigan, Southern Division, stated on page 164:

"Defendant has placed great emphasis on the fact that he was not physically present in the state when he executed the note. This court is of the opinion that one need not be physically present in the state to 'transact business within the state.'

"Modern technology has taken us far beyond the

point where two, men must stand in each other's physical presence to transact business. Widespread use of the telephone and the mails make actual physical presence unnecessary in many cases."

Judge, now Justice, FITZGERALD in *Kiefer v May,* 46 Mich App 566, 572; 208 NW2d 539, 542 (1973), stated:

"The telephone and the mails were utilized to consummate the contract between plaintiff and defendant. Thus, as interpreted in *McGraw,* the defendant was 'present' in Michigan."

In our opinion, Carroll Murphy did transact business in the State of Michigan.

Affirmed. Costs to plaintiff.