MICROELECTRONIC SYSTEMS COR-
PORATION OF AMERICA, a Michi-
gan Corporation, Plaintiff,

v.

BAMBERGER'S, a Division of R. H.
Macy & Co., Inc., Defendant.

MICROELECTRONIC SYSTEMS COR-
PORATION OF AMERICA, a Michi-
gan Corporation, Plaintiff,

v.

R. H. MACY & CO., INC., a New York
Corporation, Defendant.

Civ. A. Nos. 6–70293, 6–70294.

United States District Court,
E. D. Michigan, S. D.

Feb. 1, 1977.

W. Kent Clarke, Jr., August, Thompson, Sherr & Miller, P. C., Birmingham, Mich., for plaintiff.

John O'Meara, Dickinson, Wright, McKean, Cudlip & Moon, Detroit, Mich., Murray Gartner, Poletti Freidin Prashker Feldman & Gartner, New York City, for defendant.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Plaintiff, Microelectronic Systems Corporation of America [Micro], brings these diversity actions against defendants, Bamberger's, a Division of R. H. Macy & Co., Inc. and R. H. Macy & Co., Inc. [Macy's]. Plaintiff alleges that each defendant ordered and received shipments of certain electronic watches manufactured by plaintiff and that both defendants failed to remit the sums owing to plaintiff for their purchases. In each case suit is for the unpaid purchase price and is based on the alternative theories of account stated, breach of contract and tort.

Defendant, in each case, moves for dismissal on the ground that this court lacks personal jurisdiction over it. Since the substance of the arguments presented in both cases is the same, the court considers the two motions together. For convenience the court will write only of the facts as they pertain to defendant Macy's. The facts in the case against Bamberger's are substantially similar, and all the reasoning applies by analogy.

As a United States District Court sitting in Michigan this court looks to Michigan law to determine whether there is personal jurisdiction over the defendant. *Erie R. R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Micro claims first that this court has general personal jurisdiction over Macy's under M.C.L.A. § 600.711 for the reason that Macy's "carries on a continuous and systematic part of its general business within Michigan." M.C.L.A. § 600.711(3), Macy's replies, by affidavit of its Vice President-Legal, that it "is not qualified to do business in the State of Michigan; maintains no offices, has no telephone listing, and no employees in the State of Michigan; and does not regularly ship goods into or advertise goods for sale in the State of Michigan." *See* Ely Kushel Affidavit. Micro does not refute these statements but instead asks for opportunity to conduct discovery in order to demonstrate that Macy's has enough contacts with Michigan to give this court general personal jurisdiction over it. Since the burden is on the plaintiff to show the court's *in personam* jurisdiction over defendant, *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974), Micro's failure to controvert the defense affidavit compels a finding of no general *in personam* jurisdiction over Macy's.

Micro claims also that this court has jurisdiction over Macy's under M.C.L.A. § 600.715 which gives the court limited personal jurisdiction over a foreign corporation if it transacts any business within Michigan; does or causes any act to be done or consequences to occur in Michigan resulting in an action for tort; owns, uses, or possesses any real or tangible personal property situated in Michigan; contracts to perform services or furnish materials in Michigan. Since limited personal jurisdiction extends to all causes of action arising out of the

facts which give jurisdiction, the question becomes whether, *vel non*, Macy's, a New York corporation, had sufficient contact with Michigan, as defined under M.C.L.A. § 600.715, during the course of its watch purchases from the Michigan corporation, Micro.

Macy's was first made aware of Micro's watches when Robert Waldman of Marketing East Industries Corporation, a New York corporation acting as an independent manufacturers representative, visited Macy's buyer, James Scoroposki, on behalf of Micro and proposed the sale. After further discussion between Waldman and Scoroposki, Jerry Allen, Micro's national sales manager, came from Michigan to New York and met with Waldman and Scoroposki to discuss details of the sale. Thereafter, Scoroposki gave Waldman purchase orders for standard Microelectronic watches which Waldman then forwarded to Micro. Micro never formally confirmed the orders, but it did ship Macy's the watches.[1]

Micro contends that Macy's purchase by mail of watches manufactured in Michigan constitutes the transaction of business in Michigan and gives this court jurisdiction over Macy's under M.C.L.A. § 600.715(1).

■ Macy's only contact with Michigan was through the ordering of goods by mail from a corporation in Michigan, but it is well settled that in a proper case a single contact with the forum state not involving the physical presence of the defendant can be enough to give jurisdiction over the defendant. *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir. 1972); *Kiefer v. May*, 46 Mich.App. 566, 208 N.W.2d 539 (1973); *Hadad v. Lewis*, 382 F.Supp. 1365 (E.D.Mich.1974); *Mad Hatter, Inc. v. Mad Hatters Night Club Co.*, 399 F.Supp. 889 (E.D.Mich.1975).

■ Michigan, like several other jurisdictions, has interpreted its long-arm statute (M.C.L.A. § 600.715) as being the broadest grant of jurisdiction consistent with the constitutional requirements of due process. *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971); *Schneider v. Linkfield*, 389 Mich. 608, 209 N.W.2d 225 (1973); *Stan Sax Corp. v. Siefen Compounds, Inc.*, 68 Mich. App. 768, 243 N.W.2d 724 (1976). Several jurisdictions have concluded that the due process limitations prevent a state from taking jurisdiction over a defendant such as Macy's who merely acted as a passive out-of-state buyer of an in-state product. The United States District Court for the Eastern District of Tennessee, for example, recently held that to permit Tennessee to take jurisdiction over a foreign corporation which had ordered Tennessee goods by mail would offend the "traditional notions of fair play and substantial justice" mandated by the due process clause. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoted in *Garrett v. R. H. Macy & Co., Inc.*, 360 F.Supp. 872, 877 (1972),[2] citing *Darby v. Superior Supply Co.*, 224 Tenn. 540, 458 S.W.2d 423 (1970).

■ Michigan, in contrast, has indicated that due process considerations do not prevent taking jurisdiction over a passive buyer. In *Anderson, Clayton & Co. v. Atlas Concrete Pipe, Inc.*, 41 Mich.App. 58, 199 N.W.2d 531 (1972), the Michigan Court of Appeals gave full faith and credit to a Texas judgment against a Michigan corporation. The Texas court had concluded that it had jurisdiction over the passive Michigan buyer under Texas law which provided that ". . . any foreign corporation . . . shall be deemed doing business in this state by entering into contract by mail or otherwise with a resident of Texas to be

---

**1.** At least one contract for sale to Bamberger's was confirmed by Jerry Allen in a letter dated July 11, 1975. Exhibit A to Joseph Stanton affidavit.

**2.** For examples of other cases interpreting similar statutes and finding no jurisdiction over a defendant buyer in similar circumstances, *see O. N. Jonas Co., Inc. v. B & P Sales Corp.*, 232

Ga. 256, 206 S.E.2d 437 (1974); *Architectural Building Components Corp. v. Comfort*, 528 P.2d 307 (Okl.1974); *Callender Printing Co. v. District Court In and For Second Judicial District*, 182 Colo. 25, 510 P.2d 889 (1973); *NRM Corp. v. Pacific Plastic Pipe Co.*, 36 Ohio App.2d 179, 304 N.E.2d 248 (1973).

performed in whole or in part by either party in this state . . . ." Texas Rev. Stat. Art. 2031b § 4. The Michigan Court of Appeals decided that the Texas statute accorded with the requirements of due process. Since the Michigan long-arm statute is considered the broadest grant of jurisdiction consistent with the requirements of due process, the logical application of *Anderson, Clayton & Co.* would allow this court to take jurisdiction over Macy's in the instant case. *See also Colony Press, Inc. v. Fleeman*, 17 Ill.App.3d 14, 308 N.E.2d 78 (1974).

Determining the outer limits of *in personam* jurisdiction permitted by the due process clause is a federal question, and, therefore, the Michigan Court of Appeals decision in *Anderson, Clayton & Co.* is not controlling, although it may be persuasive. The United States Supreme Court has defined the due process limitations on obtaining *in personam* jurisdiction over a defendant in three cases: *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). From these cases the United States Court of Appeals for the Sixth Circuit has developed three criteria for determining the outer limits of constitutionally permitted *in personam* jurisdiction:

First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

*See also In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 226 (6th Cir. 1972); *King v. Hailey Chevrolet Co.*, 462 F.2d 63, 67 (6th Cir. 1972); *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1181 (6th Cir. 1975).

The court holds that it has jurisdiction over Macy's. Macy's purposely availed itself of the privilege of acting in Michigan when it entered into a contract with a Michigan corporation at least a part of which was to be performed in Michigan. The cause of action arises out of the enforcement of that contract.

Finally, in modern business practice, companies buy and sell products in all parts of our country. Distance is no longer a factor in these relationships. In a commercial sense business activity realistically is not concerned with state boundaries. What seems to dominate these relationships is the obtaining a good product at the lowest cost that can be sold at a profit. Viewed in this way it is reasonable to exercise jurisdiction in a case such as this.

Accordingly, defendants' motions to dismiss for lack of personal jurisdiction are denied. Appropriate orders may be submitted.