**CHRYSLER CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**TRAVELEZE INDUSTRIES, INC., a California Corporation, Defendant.**

**Civ. A. No. 81–72537.**

United States District Court, E. D. Michigan, S. D.

Dec. 1, 1981.

Steven B. Hantler, Paul R. Eichbauer, Detroit, Mich., for plaintiff.

Gregory M. Kopacz, Laurence D. Connor, Detroit, Mich., for defendant.

## OPINION DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

FEIKENS, Chief Judge.

Plaintiff Chrysler Corporation ("Chrysler"), an automobile manufacturing company, has brought suit against Traveleze Industries, Inc. ("Traveleze"), a recreational vehicle manufacturer. In its complaint, Chrysler alleges that Traveleze breached its contract with Chrysler for the supply of chassis for the recreational vehicles by failing to pay for certain chassis that were supplied to it pursuant to a deferred payment plan as provided for in the contract. Defendant moves to dismiss the case for lack of personal jurisdiction over it.

In diversity cases, Michigan law governs the *in personam* jurisdiction of the United States District Court sitting in Michigan. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Plaintiff does not seriously contend that there is general personal jurisdiction over defendant pursuant to M.C.L.A. 600.711. However, to exercise limited personal jurisdiction in Michigan over defendant, one of the following relationships must exist between Traveleze and the State: the transaction of any business within Michigan; the doing or causing any act to be done, or consequence to occur in Michigan resulting in an action for tort; the ownership, use, or possession of any real or tangible personal property situated within Michigan; contracting for insurance of any person, property, or risk located in Michigan at the time of contracting; or entering into a contract for services to be performed or for materi-

als to be furnished in Michigan by defendant. M.C.L.A. 600.715. It is clear from the allegations in the complaint that there are no tortious actions brought against defendant, nor does the complaint concern any insurance agreement. Hence the facts must be analyzed in view of the remaining three grounds for asserting personal jurisdiction.

It is uncontroverted that Traveleze has its principal place of business in California, that it has never maintained any office or facility in Michigan, nor has it ever been registered to do business in Michigan. Neither is it disputed that it has never sent an agent to solicit business in Michigan. It is settled that Traveleze contracted to purchase chassis from Chrysler through the contract that is the subject of this lawsuit.

According to the affidavits that are presented in regard to this motion, the president of Traveleze, Kenneth Dixon, Jr., attended a promotional meeting for the Chrysler chassis sales program. Thereafter, Dixon was contacted by a Chrysler representative from the Fullerton, California office, who requested that Dixon sign the contract in question if he desired to purchase recreational vehicle chassis from Chrysler. Dixon signed the agreement but the Chrysler agent did not execute it for the corporation at the same time. Instead, the contract was sent to Michigan, where Frank W. Knope, manager of Dealer Credit at Chrysler, signed on behalf of plaintiff and the completed contract was forwarded to Traveleze through the California office of Chrysler. Orders for the chassis were placed to the Fullerton office by Traveleze, from which they were forwarded to Chrysler headquarters in Michigan. There is a dispute as to whether these orders were forwarded at Traveleze's request or on Chrysler's own initiative, but the distinction for the purpose of determining jurisdiction is, in this case, insignificant. However, it is useful to note that the contract provides that purchase orders are subject to acceptance by Chrysler. Upon acceptance, the chassis may be paid for in one of three ways: by cash, by deferred payment, or by demonstrator chassis payment. Under the deferred payment plan, selected by Traveleze in this instance, payment was due to Chrysler on the date that Traveleze shipped the completed recreational vehicle to its distributor. Thereafter, Chrysler would draw a cash draft on Traveleze's bank in California unless Traveleze was given an extension by Chrysler with provisions also made for late payments. Title passed to Traveleze upon delivery of the chassis to the carrier or Traveleze, whichever occurred first, although Chrysler retained a lien on the chassis until full payment had been made. Other paragraphs provided for inspection and pre-delivery service, repurchase of the chassis by Chrysler under limited circumstances, warranty, and the termination of the agreement. Although several paragraphs specified that it was necessary to notify Chrysler in certain instances, no address apart from the Highland Park, Michigan address was given except the office to which financial statements were to be mailed.

It is admitted by both parties to this lawsuit that no negotiations took place in Michigan prior to the execution of the contract. Thereafter, several payments were made to a Michigan office of Chrysler, several telephone calls were placed between Chrysler offices in Michigan and Traveleze, and financial statements were furnished to a Michigan office as provided for by the terms of the contract. It is disputed that the payments that were made directly to Chrysler were made voluntarily or at Chrysler's request, but again I find that this issue need not be resolved for the purposes of this motion. Chrysler contends that the following acts constitute sufficient contacts to confer jurisdiction: execution of the contract by Chrysler in Michigan; performance of the contract by manufacturing the chassis in Michigan; mailing of payments and balance sheets by Traveleze to Chrysler in Michigan; and the ownership of personal property in Michigan since title passed on delivery of the chassis to the carrier.

Traveleze denies that any of these actions are sufficient for jurisdictional purposes. It states that although it signed an unexe-

cuted copy of the contract, it did not know where it would be signed by Chrysler. Similarly, it argues that although it did not specifically contract for the chassis to be manufactured at a given locale, they could have been made at any Chrysler plant and thus subjected Traveleze to the risk of suit in any jurisdiction where Chrysler would manufacture them. The balance sheets were mailed according to the contract provisions and, although Traveleze does not specifically so state, it presumed that this was a matter of convenience, and differed from the remaining provisions that it allegedly presumed were administered through the Fullerton office. Finally, it contends that the title provisions merely transferred the risk of loss of the chassis and were never intended to convey ownership. It analyzes the jurisdiction requirement of ownership by arguing that mere ownership of chattel in a state would subject Traveleze to suit in every state through which the carrier passed between Michigan and California.

■ Viewed individually, Traveleze's claims could raise sufficient question about my jurisdiction in this case. However, *in personam* jurisdiction is not to be determined by any rigid guidelines but should be evaluated on a case-by-case basis, considering the traditional notions of "fair play" that define the parameters of "due process." *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 236 (6th Cir. 1972).

■ The Michigan long-arm statute has been interpreted as the broadest grant of jurisdiction consistent with the constitutional requirements of due process. *Microelectronic Systems Corp. of America v. Bamberger's*, 434 F.Supp. 168, 170 (E.D.Mich.1977); *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971). This jurisdictional grant has been held to be sufficient even against a passive buyer. *See Microelectronic Systems, supra,* at 170–71, interpreting *Anderson, Clayton & Co. v. Atlas Concrete Pipe, Inc.*, 41 Mich.App. 58, 199 N.W.2d 531 (1972). To aid the federal courts in determining jurisdiction based on a single act, three criteria have been set forth by the United States Court of Appeals for the Sixth Circuit:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co., Inc. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). These criteria were gleaned from the three United States Supreme Court cases addressing *in personam* jurisdiction at that time: *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Most recently, the Supreme Court decided *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In that opinion, Justice White, writing for the majority, did not change the criteria but cautioned against the indiscriminate use of "foreseeability" as a ground for assuming jurisdiction when the connections between the defendant and state are tenuous at best. Foreseeability is defined as sufficient conduct and connection with the forum state for the defendant to "reasonably anticipate being haled into court there." *World-Wide Volkswagen, supra,* at 297, 100 S.Ct. at 567.

■ Applying these tests in this instance, it is easily determined that I have jurisdiction over Traveleze for the purposes of this case. Traveleze has purposefully availed itself of acting in Michigan and has caused a consequence in Michigan. The most obvious evidence of this act is that Traveleze signed a contract in which the opening clause stated:

This agreement, made and entered into by and between Traveleze Industries, Inc., 11473 Penrose Street, Sun Valley,

California 91352, a California corporation, hereinafter referred to as MANUFAC-TURER, and Chrysler Corporation, a Delaware corporation, *having its principal office at 12000 Lynn Townsend Drive, Highland Park, Michigan 48203,* hereinafter referred to as CHRYSLER. (emphasis added).

The mere locus of execution of a contract when unilaterally determined can give rise to forum shopping in its worst conceived modes. However, even if the contract was signed by a Chrysler agent in California, I do not believe that I would be divested of jurisdiction. When Traveleze signed the contract, it did so knowing that the principal place of business of Chrysler was Highland Park, Michigan. It further contracted to send financial reports to the Chrysler Credit Office in Detroit. The division with which Traveleze negotiated the contract was merely that—a division. Traveleze knew this at the time of contracting and, although it may not have known specifically that the contract would be forwarded to Michigan for signatures, the paragraph stating that Chrysler's main offices were in Michigan comprised sufficient notice that Traveleze was contracting to do business with a corporation in Michigan. Furthermore, Traveleze performed certain acts subsequent to the execution of the contract, including mailing payments to Chrysler in Michigan and telephoning the Michigan office about certain matters, that indicate that they were aware that the corporate and management decisions were not made through the subsidiary or division office, but directly through headquarters.

■ It has long been held in this circuit that a single contact with the forum state, not involving the physical presence of the defendant, can be enough to give jurisdiction over the defendant. *In-Flight Devices, supra,* at 234–35; *Microelectronic Systems, supra,* at 170; *Mad Hatter, Inc. v. Mad Hatters Night Club Co.,* 399 F.Supp. 889 (E.D.Mich.1975). A letter or a telephone call may, in a particular situation, be as "indicative of substantial involvement with the forum state as a personal visit" by the defendant's agents. *In-Flight Devices, su-*

*pra,* at 235. In this instance, although it is not questioned for the purposes of this motion that defendant did not appear in Michigan, the type of contact that Traveleze had with Chrysler and the actions that it took with regard to its contractual obligations are sufficient to conclude that Traveleze intended to act and, in fact, did act in Michigan. It is from the alleged breach of Traveleze's contractual obligations, after it was substantially involved in the sales agreement with Chrysler in Michigan, that this cause of action accrued. Hence, the second criteria of *Southern Machine* is fulfilled.

■ The final test requires that the acts or consequences resulting from defendant's actions must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. A single contract is sufficient to exercise jurisdiction, *see Southern Machine, supra,* at 385 and cases cited therein, especially when the contract is with a resident of the forum state, since the state's interest in resolving the contractual dispute for its resident cannot be doubted. *Southern Machine, id.* Furthermore, the court in *Microelectronic Systems* noted:

> Finally, in modern business practice, companies buy and sell products in all parts of our country. Distance is no longer a factor in these relationships. In a commercial sense business activity realistically is not concerned with state boundaries. What seems to dominate these relationships is the [sic] obtaining a good product at the lowest cost that can be sold at a profit. Viewed in this way it is reasonable to exercise jurisdiction in a case such as this.

434 F.Supp. at 171.

Certainly, jurisdiction is more reasonable in Michigan than in Delaware, the state of Chrysler's incorporation. The most reasonable forums for resolution of this dispute are Michigan and California since the activities regarding the contract took place in both states. Since I have jurisdiction and since plaintiff's choice of forum should not

be disturbed except in extreme circumstances, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Sun Oil Co. v. Lederle*, 199 F.2d 423, 424 (6th Cir. 1952), defendant's motion to dismiss for lack of *in personam* jurisdiction is denied.

An appropriate order may issue.