ALPHA INDUSTRIES, INC., APPELLEE, *v.* TUBE MACHINERY CORPORATION, APPELLANT.

(No. L-82-003—Decided May 7, 1982.)

*Mr. Stewart Aron,* for appellee.
*Mr. Joseph D. Shibley,* for appellant.

BARBER, J. Defendant-appellant Tube Machinery Corp. is appealing from a judgment of the Lucas County Court of Common Pleas which granted plaintiff-appellee Alpha Industries, Inc.'s motion for summary judgment and ordered appellee's default judgment of $6,351, plus interest, obtained from a Michigan court, enforced against appellant.

Appellant, which does business in Ohio, sent by mail a purchase order to appellee, which does business in Michigan. Appellee then mailed an acknowledgment form to appellant. This acknowledgment provided that Michigan courts would have jurisdiction over any disputes arising from the parties' agreement. The goods were manufactured in Michigan and sent to Ohio. Appellee brought an action in Michigan to seek payment for the goods and obtained a default judgment against appellant. Appellee then filed suit in Ohio to enforce this Michigan judgment.

Defendant-appellant's first and fourth assignments of error are:

"1. The judgment of the trial court is contrary to law for the reason that there was [sic] not sufficient 'minimum contacts' by appellant in the state of Michigan so as to permit the courts of the state of Michigan to have personal jurisdiction over appellant and consequently the judgment in the state of Michigan was invalid."

"4. The judgment of the trial court is contrary to law for the reason that summary judgment was inappropriate and plaintiff is not entitled to judgment as a matter of law."

The test of whether a court should grant a motion for summary judgment is set forth in Civ. R. 56(C) as follows:

"* * * summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

On our examination of the record, we find no merit to appellant's argument that the trial court erred in granting summary judgment because questions of fact exist.

The sole question of law in the case *sub judice* is whether appellant had sufficient minimum contacts within the state of Michigan to give Michigan courts jurisdiction over appellant. Addressing this question involves the interpretation of the Michigan Long Arm Statute, Mich. Comp. Laws Annotated, Section 600.715. This section provides in pertinent part as follows:

"Sec. 715. The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

"(1) The transaction of any business within the state. * * *"

Michigan courts which have interpreted this statute have found the statute gives the broadest jurisdiction possible within the limits imposed by federal due process. *Microelectronic Systems Corp.* v. *Bamberger's* (E.D. Mich. 1977), 434 F. Supp. 168; *Sifers* v. *Horen* (1971), 385 Mich. 195, 188 N.W. 2d 623; *Stan Sax Corp.* v. *Siefen Compounds, Inc.* (1976), 68 Mich. App. 768, 243 N.W. 2d 724.

At issue in *Microelectronic Systems Corp.* v. *Bamberger's, supra,* was whether a Michigan court had personal jurisdiction over Bamberger's, a division of R. H. Macy & Co., an out-of-state

defendant, which had ordered shipments of watches from a Michigan corporation and then failed to pay for them. The court, at page 171, found as follows:

"The court holds that it has jurisdiction over Macy's. Macy's purposely availed itself of the privilege of acting in Michigan when it entered into a contract with a Michigan corporation at least a part of which was to be performed in Michigan. The cause of action arises out of the enforcement of that contract.

"Finally, in modern business practice, companies buy and sell products in all parts of our country. Distance is no longer a factor in these relationships. In a commercial sense business activity realistically is not concerned with state boundaries. What seems to dominate these relationships is obtaining a good product at the lowest cost that can be sold at a profit. Viewed in this way it is reasonable to exercise jurisdiction in a case such as this."

The trial court, based upon such decisions as *Microelectronic Systems Corp.* v. *Bamberger's, supra,* found that the Michigan courts had jurisdiction over appellant.

We find no error in the trial court's determination that under Michigan law, appellant had sufficient minimum contacts with Michigan to give the Michigan courts jurisdiction over appellant. Appellant's arguments regarding the result which would be reached under Ohio law are inapplicable. These assignments of error are not well-taken.

Defendant-appellant's second and third assignments of error are:

"2. The judgment of the trial court is contrary to law for the reason that appellant did not consent to the jurisdiction of the courts of Michigan over its person for any disputes arising out of the agreement between the parties and consequently the judgment in the state of Michigan is void.

"3. The judgment of the trial court is contrary to law for the reason that the Michigan judgment in favor of appellee was void for the reason that the district court sitting in the Judicial District of Oakland County, Michigan did not have jurisdiction over the person of appellant."

We question whether appellant can raise either of the issues raised by these assignments of error in this action brought to enforce this foreign judgment because of the Full Faith and Credit Clause of the United States Constitution and the principles of res judicata. See 47 American Jurisprudence 2d 229, Judgments, Section 1224 *et seq.* This is particularly true regarding the issue of venue raised by appellant's third assignment of error. Having held, however, that the trial court did not err in determining that the Michigan courts had jurisdiction over appellant, we find the issues raised in these assignments of error to be moot and therefore not well-taken.

On consideration whereof, this court finds substantial justice has been done the party complaining and judgment of the Lucas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CONNORS, P.J., and DOUGLAS, J., concur.