No. 20,171.

BARDAHL MANUFACTURING CORPORATION, ET AL., *v.*
THE DISTRICT COURT OF JEFFERSON COUNTY, ET AL.
(372 P. [2d] 447)

Decided June 18, 1962.

Messrs. GRANT, SHAFROTH, TOLL & McHENDRIE, for
complainants.

Mr. PHILIP J. CAROSELL, Mr. ABE L. HOFFMAN, for re-
spondents.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

COMPLAINANTS, two Washington corporations, were originally before this court in *Bardahl Manufacturing Corporation, et al., v. District Court of Jefferson County,* et al. (134 Colo. 112, 300 P. (2d) 524) (1956), when they sought to compel the trial court to hear and rule on their motions to quash service of summons upon them in a civil action brought by Settlemeyer against them and one William R. Watson, an independent distributor of their products in Colorado. That was also an original proceeding. We then issued a rule to show cause and after it was at issue the rule was made absolute.

In the prior *Bardahl* case upon a showing that the defendants had not been heard on their motions to dismiss and quash service, we stated in part at page 116:

"Obviously if before trial they (the Bardahl corporations) can disprove proper service they may avoid long and expensive litigation whether favorable or unfavorable in final results as to their position. They are entitled to raise this defense now by motion and if unsuccessful to also later urge it by way of answer.

"The Rule is made absolute and the cause remanded with instructions to the trial court to hear and determine the Motion to Dismiss and the Motion to Quash."

Following remand the district court after a hearing determined that *it did not* have jurisdiction over these complainants. To do so it had to sustain their contention that they were not doing business in Colorado and that Watson, who purchases their products in the State of Washington and who then resells them in Colorado, was not their employee.

Thereafter on May 30, 1959, the trial against Watson began, was thereafter completed and is now the subject of a separate writ of error in No. 19,909 in this Court.

The present proceedings arise out of an attempt by Settlemeyer, during the course of the Watson trial, to

serve alias summonses on these complainants, as the result of certain evidence as to complainants' operations introduced in evidence as part of Settlemeyer's case. On July 2, 1959, he again served a summons and copy of a complaint on Watson and also upon one Sam A. Wright, an attorney of record for Watson and also attorney for complainants in Seattle, Washington. He then served similar papers upon the Secretary of State of Colorado pursuant to Ch. 83, Sec. 110 (3) S.L. '59, relating to substituted service on foreign corporations doing business in Colorado which have not qualified to do so under the pertinent statute.

Motions to quash were filed promptly by complainants along with a motion to construe the alias summonses as not being against Wright personally. These motions were heard by the trial court on January 5, 1962, and denied. Complainants now seek relief by way of original proceedings and the matter is at issue.

█ The first question to be determined is whether complainants may again seek relief by way of original proceedings. In this connection we point out that the original ruling by the trial court after our first remand is not the subject matter of this action. No writ of error was taken from that proceeding. What we have here is a broadened repetition of the original 1956 action. Initially we have the attempted service on Watson as an alleged agent of complainants, which was the subject matter of the first Bardahl action, and which the trial court, upon remand, found to be void. That matter is now res judicata. Then we have the new attempted service on complainants by serving a lawyer who was present in the second action to represent Watson, and whose services may or may not have been paid for by complainants, but who was, according to this record, also present as an out-of-state witness for Watson.

█ The law is well settled that attempted service on an attorney in open court, or on an attorney who is appearing specially in a state, is improper unless the at-

torney has been specifically authorized by his client to accept service. On motion such service should be quashed. *Durst v. Tautges, et al.,* 44 F. (2d) 507 (7th Cir. 1930), cited at 71 A.L.R. 1394; *Ada Dairy Products Co. v. Superior Court, Seminole County, et al.* (Okla.) 258 P. (2d) 939 (1953); and see 7 C.J.S. *Attorney & Client,* §83; 5 Am. Jur. *Attorneys At Law,* §87. The law is clear that general employment as an attorney is not sufficient grounds to serve his client by serving the attorney. 5 Am. Jur, supra, and see *Spencer, et al., v. Barnes,* 6 Cal. App. (2d) 35, 43 P. (2d) 847 (1935). The same is true of attempted service on one who has appeared as a witness in this state solely for the purpose of trial. *Kelly v. Pennington,* 78 Colo. 482, 242 Pac. 681 (1926).

■ The difficulty with respondents' position is that no new evidence appears in this record to show that since the first adverse ruling against Settlemeyer in 1956, and the present attempted service on the Secretary of State, complainants' status as foreign corporations doing business in Colroado had altered from that in 1956 when the matter was first determined. Nor is there evidence that either complainant has filed the necessary documents with the Secretary of State as required by C.R.S. '53, 31-35-1 et seq. (1960 Perm. Suppl.) so as to voluntarily subject themselves to process in Colorado either by service on an agent or on the Secretary of State. The applicable rule is that Settlemeyer as plaintiff had the burden, after challenge, of establishing by competent evidence all facts essential to jurisdiction, *Carlson v. District Court,* 116 Colo. 330, 180 P. (2d) 525, and this he did not do, in fact could not do, by the same evidence in Watson's subsequent trial on a matter that had previously been held adversely to him. The finding to the contrary by the trial court in the Watson trial was wholly without justification or validity.

In the instant case complainants have pursued their proper course of action. *Stull v. District Court,* 135 Colo.

86, 308 P. (2d) 1006; *Carlson,* supra. They cannot on this record be required to resist void service of process on them by way of answer and the rule must be made absolute. Respondents to bear all costs.