No. 21896.

HOWARD M. PERLMAN AND INTER-CONTINENTAL ENTER-PRISES, INC., A COLORADO CORPORATION *v.* GREAT STATES LIFE INSURANCE COMPANY, AN ILLINOIS CORPORATION.

(436 P.2d 124)

Decided January 15, 1968.

494

WINNER, BERGE, MARTIN AND CAMFIELD, for plaintiffs in error.

IRELAND, STAPLETON, PRYOR & HOLMES, D. MONTE PASCOE, RONALD S. LUEDEMANN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE sole question on this writ of error is — whether personal service of process in Colorado on the President of Great States Life Insurance Company, an Illinois corporation, on November 13, 1964 is valid? After a hearing on affidavits and counter-affidavits the trial court quashed the service, dismissed the complaint as to Great States and entered a ruling under R.C.P. Colo. 54(b) that there was no just reason for delay in the entry of a final judgment.

Whether the judgment should be sustained admittedly depends upon the sufficiency of the Colorado contacts of the defendant in error.

Pertinent facts disclosed by the record are:

(1) Great States, a foreign corporation, is a non-admitted reinsurer in Colorado and has designated our Commissioner of Insurance as its agent under C.R.S. 1963, 72-2-10 for service of process "in any action arising out of or in connection with such reinsurance";

(2) Great States' president, Clarence Kleckner, when served, was in Denver solely to attend a meeting of the board of directors of Life Assurance Company of the West, a stock controlled Colorado company of Great States with interlocking directors and officers;

(3) Great States has entered into reinsurance treaties with two Colorado companies;

(4) Great States had loaned a substantial sum to its Colorado subsidiary;

(5) Great States purchases the services of its subsidiary's underwriting department, and does its reinsurance business here in that manner;

(6) Plaintiff in error, Perlman, has a written employment contract with Life Assurance Company of the West which he contends has been breached by it and on which he seeks damages against it;

(7) Perlman also uses his employment contract, together with two later letter agreements between L. W.

Nimmo and himself, as the basis for his claim against Great States. The letters had to do with certain stock purchase arrangements between individuals and neither insurance company was a party thereto. As to these instruments Perlman contends that Great States refuses to transfer to him certain stock given him by Nimmo and seeks to compel such a transfer. He further seeks damages against Nimmo for the latter's alleged breach of the mentioned agreement. And,

(8) 1965 Perm. Supp., C.R.S. 1963, 37-1-26 provides that any person who engages in "[t]he transaction of any business within this state * * *" is subject to the jurisdiction of the Colorado courts.

The only apparent conflict in the opposing affidavits is that Perlman alleges that as executive officer of the Illinois company (while also serving as President of the Colorado subsidiary) he "* * * performed various * * * duties as such officer from Colorado * * *" whereas Kleckner's affidavit denies that assertion. The trial court resolved that issue in favor of Great States and we have been shown no reason to disturb its conclusion. See *Bolger v. Dial-A-Style Leasing*, 159 Colo. 44, 409 P.2d 517 (1966); 20 C.J.S. *Corporations* § 1920c.

Turning next to the above recited Colorado contacts, we must conclude that neither severally nor jointly do they establish that minimal status necessary to give our courts jurisdiction over Great States. For example, a non-admitted reinsurer allowing service of process on the Colorado Commissioner of Insurance in connection with *reinsurance* certainly does not allow service under these facts. Neither does stock ownership in a domestic company nor common directors, establish that Great States was doing business in Colorado. The rule applicable to the latter situations is that where the parent and its subsidiary maintain separate identities and charge each other for services performed, as is apparent here, the corporations will be treated as separate entities for the purpose of determining personal

jurisdiction. *Cannon Mfg. Co. v. Cudahy Packing Co.,* 267 U.S. 333, 45 S. Ct. 250, 69 L.Ed. 634 (1925); *Bolger, supra.*

 .As to the reinsurance treaties, the record fails to show that these were executed in Colorado. Perlman had the burden of proof *(Bolger, supra)* in regard to this essential assertion of jurisdiction. *Morris & Co. v. Skandinavia Insurance Co.,* 279 U.S. 405, 49 S. Ct. 360, 73 L.Ed. 762 (1929). In this connection, we find the following apt quotation in 2 Couch, Cyclopedia of Insurance Law § 21.54 at page 524 (2d ed. 1966):

"By the weight of authority, the negotiation and execution *outside the state,* of a contract of reinsurance, is not doing business in the state where the insured property is situated and the original risk was assumed. Reinsurance effected under a contract made in one state does not constitute doing business in another, although the risks covered by the reinsurance agreement were in the latter state and were covered automatically by the reinsurance contract according to the provisions thereof, upon their acceptance by the reinsured." (Emphasis added.)

Also, loans to a corporate subsidiary or to a distributor, without more, do not constitute doing business, nor would the purchase of services from such entities. See *Begole Aircraft Supplies, Inc. v. Pacific Airmotive Corp.,* 121 Colo. 88, 212 P.2d 860 (1949); and cf. *Focht v. Southwestern Skyways, Inc.,* 220 F. Supp. 441 (D. Colo. 1963).

Perlman's employment contract was with a domestic corporation, Life Assurance Company of the West. His claim for alleged breach of his employment contract against it does not involve Great States. His claim against the latter is for failure or refusal to re-issue certain stock given him by Nimmo. And his claim against Nimmo, who apparently has never been served, is for damages for breach of a personal contract between two individuals. Obviously, none of these transactions con-

stitutes doing business in Colorado as far as Great States is concerned.

 Finally, we turn to the question of the applicability of 1965 Perm. Supp., C.R.S. 1963, 37-1-26. From what has been said it is apparent that Great States has not yet had those minimal contacts necessary to hold that it was doing business in Colorado when its president was served here. Consequently, C.R.S. 1963, 37-1-26 can have no application.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.