No. 23579.

Zelda L. Harvel v. The District Court in and for the County of Jefferson, in the First Judicial District, State of Colorado, and The Honorable Ronald J. Hardesty, one of the Judges thereof, and Myrna Joanne Boe, Joyce Lehman, Joan Bankston and Anne Christophersen.

(444 P.2d 729)

Decided September 3, 1968.

Burnett, Watson and Horan, for petitioner.

JOHNSON and KIDNEIGH, for respondents.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in which this court issued a rule directed to the above named respondents, requiring them to show cause why the purported service of summons, allegedly made upon Zelda L. Harvel in an action for personal injuries, should not be quashed. Harvel was named as defendant in an action brought by respondents Boe, Lehman, Bankston and Christophersen in the District Court of Jefferson County. The return of service of summons stated that service was made by leaving a copy of the summons and complaint "* * * with Jeanette Melcher a member of the family of the defendant over the age of eighteen years for the defendant Zelda Harvel at the usual place of abode of the defendant 7355 W. 3rd Place in Jefferson County and State of Colorado on March 13, 1968 at approximately 8:50 P.M."

A motion to quash the service of summons was filed on behalf of Harvel in which it was alleged that she was not at the address where the purported service was made, and that it was not her "usual place of abode." The motion was supported by the affidavit of Mary Jeanette Melcher in which it was asserted that the summons and complaint had been left with the affiant on March 13, 1968; that Zelda Harvel did not abide at 7355 W. 3rd Place on the date of the purported service, and had not lived at that address since March 1, 1968; and that affiant was not informed as to the whereabouts of Zelda Harvel, and was not advised that she would return to that address at any time in the future. The trial court denied the motion and Harvel thereupon petitioned this court for issuance of a rule to show cause. The rule

issued, and the answer of respondents contains a full transcript of the evidence received by the trial court at the hearing on the motion to quash the service of summons.

In brief summary it was established by this evidence that Mary Jeanette Melcher resided at the address where the service was made; that Zelda Harvel was a "distant relative" of affiant; that Harvel had resided at the address where service was made from January 1, 1967, until March 1, 1968, at which time she was placed in a hospital for the treatment of injuries received in the accident which gave rise to the district court action. It was further shown that Harvel's clothing was still on the premises, and that the telephone listing indicates that both Mary Jeanette Melcher and Zelda Harvel reside at the address where service was made; that the utilities supplied to the residence are billed to Zelda Harvel; and that her mail comes to that address. It was also shown that she had an accident on March 1, 1968, and was sent to a hospital from which she was discharged on March 9, 1968, four days prior to the date of the purported service of summons. Mary Jeanette Melcher testified that she didn't know the whereabouts of Miss Harvel since the 9th day of March, 1968.

The trial court, in overruling the motion to quash, concluded, *inter alia,* that:

"It appears to the court that since this is the defendant's motion to quash, that she would have to sustain the burden of proof by a preponderance of the evidence that this is no longer her place of abode after March 9th. The only evidence that can be fairly adduced from the case here is that she just is not there and nobody knows where she is."

In reaching the conclusion that the burden of proof was upon Harvel to establish by a preponderance of the evidence that the address at which service was made was not her "usual place of abode," the trial court apparently relied upon *Gibbs v. Ison,* 76 Colo. 240, 230

P. 784, in which we find language which supports the trial court's statement. We note, however, that in *Gibbs* the question arose upon a motion to vacate a default judgment.

In *Bardahl Corp. v. District Court,* 150 Colo. 312, 372 P.2d 447, and *Carlson v. District Court,* 116 Colo. 330, 180 P.2d 525, in which this court considered motions to quash the service of process in district court actions, it was held that the plaintiffs in the actions had the burden, after challenge, of establishing by competent evidence all facts essential to jurisdiction. These cases are controlling here.

In the instant action the district court denied the motion to quash the service under an erroneous impression concerning the burden of proof. We cannot say as a matter of law that the district court would have reached the same conclusion if the proper rule governing burden of proof had been applied.

The rule heretofore issued in this proceeding is discharged, but the trial court is nevertheless directed to reappraise the evidence heretofore taken, and any additional evidence that may be offered, and enter findings, giving due consideration to the correct rule relating to the burden of proof.

MR. JUSTICE DAY not participating.