## No. 25947

**E. R. Callender Printing Company, Inc., and E. R. Callender v. The District Court in and for the Second Judicial District and State of Colorado, and John Brooks, Jr., one of the Judges thereof**

(510 P.2d 889)

Decided June 4, 1973.

Craig A. Murdock, for petitioners.

Herbert A. Shatz, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding under C.A.R. 21 in the nature of prohibition. We issued our rule to show cause. The matter is now at issue and, having considered the merits of

the controversy, we reverse the ruling of the trial court and make the rule absolute.

Whitco Magnetics Supply Corp. (Whitco), a Colorado corporation, brought an action in the Denver district court to collect a balance allegedly due for goods and merchandise sold to E. R. Callender Printing Company, Inc. and E. R. Callender (petitioners).

Pursuant to C.R.C.P. 12(b)(2), petitioners appeared specially and moved to quash service of process and to dismiss the complaint, contending that the Denver district court lacked *in personam* jurisdiction over them. The court denied the motion and petitioners then applied to this Court for relief.

The record reveals that Whitco, through its president, Dennis V. Whittington, solicited an order for sale of goods and merchandise to petitioners in Kansas. Although the printed contract states the order was accepted by Whitco in Denver, Colorado, petitioners' uncontested affidavit shows that the contract was actually executed and accepted by Whitco's president in Kansas City, Kansas. The affidavit further states that petitioners had never been in Colorado in connection with this contract and had never done any business in the state of Colorado.

The question for determination is whether petitioners' contacts with Colorado were sufficient to bring them within the scope of the Colorado long-arm statute, 1965 Perm. Supp., C.R.S. 1963, 37-1-26, so as to subject petitioners to the jurisdiction of the Colorado courts. The statute provides in part:

"Jurisdiction of courts. — (1)(a) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative, to the jurisdiction of the courts of this state, concerning any cause of action arising from:

"(b) The transaction of any business within this state; * * *"

For jurisdiction to attach under this provision of the statute, this Court in numerous decisions has held, pursuant

to United States Supreme Court guidelines, that certain "minimum contacts" between the forum state and the defendant are necessary in order not to offend traditional notions of due process, fair play, and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; *People ex rel. Jeffers v. Gibson*, 181 Colo. 4, 508 P.2d 374; *Granite States Volkswagen, Inc. v. District Court*, 177 Colo. 42, 492 P.2d 624; *Czarnick v. Dist. Ct.*, 175 Colo. 482, 488 P.2d 562; *Safari Outfitters, Inc. v. Superior Ct.*, 167 Colo. 456, 448 P.2d 783; *Perlman v. Great States*, 164 Colo. 493, 436 P.2d 124; *Vandermee v. Dist. Ct.*, 164 Colo. 117, 433 P.2d 335; *Knight v. Dist. Court*, 162 Colo. 14, 424 P.2d 110; *White-Rodgers Co. v. Dist. Ct.*, 160 Colo. 491, 418 P.2d 527.

█ It readily appears that petitioners did not have sufficient contacts with Colorado to merit *in personam* jurisdiction. The United States Supreme Court stated in *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, "* * * [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See also, Safari Outfitters, Inc. v. Superior Ct., supra.* Here, petitioners' only contact with the state of Colorado was its signing of a purchase order in Kansas, to buy goods and merchandise from Whitco. Petitioners had no office or agent in Colorado, no license to do business in this state, and no telephone address or agents here. Permitting *in personam* jurisdiction over such passive out-of-state buyers who did no more than agree to purchase goods from a Colorado corporation would offend traditional notions of fair play and justice as well as having a potential adverse effect upon the interstate commerce conducted by businesses in this state.

In *McQuay, Inc. v. Samuel Schlosberg, Inc.*, 321 F. Supp. 902 (D. Minn. 1971), where an analogous commercial transaction was considered, the court stated:

"Fundamentally it seems to the court that to permit in personam jurisdiction in this case under either of the

Minnesota long-arm statutes is to offend traditional notions of fair play and substantial justice. If plaintiff's position is sound, then it or any other Minnesota manufacturer can sue all of its customers wherever they may be located in the United States who for good or bad reasons have failed to pay their bills or the purchase price of goods. Counsel would argue that the activity generated by virtue of a corporation in a foreign state giving a salesman who is travelling in that foreign state an order which is to be filled in Minnesota is sufficient minimal contacts to give jurisdiction. By the same token, if this were sound, the plaintiff could be sued in any state where it submits a purchase order for raw materials and supplies and the goods are shipped to Minnesota. This concept almost completely obliterates state lines and would lead to the result that any one who deals with a Minnesota resident in any way or buys a product manufactured by any Minnesota company, can be brought into the Minnesota courts to respond to a suit."

See also, *Automatic Sprinkler Corp. v. Seneca Foods Corp.,* 72 Mass. 601, 280 N.E.2d 423.

In the present case, where petitioners' only contact with Colorado was to place an order in Kansas City for the purchase of goods and merchandise from a Colorado seller, the minimum contacts necessary to satisfy the requirements of due process are absent and, therefore, *in personam* jurisdiction over petitioners cannot be obtained by means of the long-arm statute.

Rule made absolute.

MR. JUSTICE GROVES does not participate.