590 P.2d 983 (1979)
John R. JENKINS, Jr., Plaintiff-Appellant,
v.
GLEN AND HELEN AIRCRAFT, INC., d/b/a G & H Aircraft, and Glen F. Nickerman, Defendants-Appellees.
No. 77-1009.
Colorado Court of Appeals, Division I.
January 25, 1979.
*984 Feuer, Flossic & Rich, Leonard Ripps, Denver, for plaintiff-appellant.
No appearance for defendants-appellees.
SILVERSTEIN, Chief Judge.
Plaintiff, John R. Jenkins, Jr., sued defendants, Glen and Helen Aircraft, Inc., and its president, Glen F. Nickerman, to recover damages alleged to have arisen from breach of contract, negligence, and fraudulent misrepresentations on the part of defendants. Defendants moved to dismiss on the ground that the court lacked personal jurisdiction over the defendants. Plaintiff appeals from the judgment of dismissal entered on the granting of the motion. We modify the judgment and, as modified, affirm.
Jenkins, then a California resident, bought an airplane from Aircraft in California on March 4, 1975. After the purchase it was determined that the plane failed to meet F.A.A. airworthiness standards, and *985 the plane was grounded. Jenkins alleges that defendants represented that the plane was airworthy, and that they refused to make necessary repairs as previously promised. Jenkins then hired a third party to make the repairs, stopped making payments on the plane, and flew the plane to Colorado, where he is now residing. All of the acts relative to the transaction took place in California, and defendants were served in California.
The original complaint was filed in August 1976. No appearance was entered by defendants, and, in June 1977, Jenkins filed a motion to amend the complaint, which motion was granted, and the amended complaint filed. Defendants then filed a motion to dismiss, and had the airplane repossessed and flown back to California. Thereupon Jenkins filed a motion to file a second amended complaint which alleged that defendants illegally took possession of the plane, and further that the taking constituted a tort committed in Colorado, which, under the long-arm statute, § 13-1-124, C.R.S.1973, gave the court jurisdiction over defendants.
The motion to dismiss and the motion to amend the complaint were set for hearing together. The court granted the motion to dismiss and did not rule on the motion to amend.

I.
In their motion and supporting memoranda, including the affidavit of Nickerman, defendants averred that plaintiff and all named defendants were residents of California at the time of the sale of the airplane; that negotiations and consummation of the sales transaction occurred in California; that defendants' alleged wrongful conduct occurred in California; that defendants were not authorized to do business and had never transacted business in Colorado; that the security agreement entered into by the parties expressly precluded plaintiff from removing the plane permanently from California without prior written approval; and that plaintiff had failed to obtain such approval before moving the plane. Defendants urged that the complaint should be dismissed because Colorado had no basis upon which to invoke its long-arm jurisdiction. Plaintiff filed no affidavits and offered no evidence to controvert the facts asserted by defendants.
One who asserts jurisdiction under the long-arm statute, § 13-1-124, C.R.S.1973, has the burden of proof to establish jurisdiction, when that jurisdiction is challenged. Harvel v. District Court, 166 Colo. 520, 444 P.2d 629 (1968). Here plaintiff had the burden of establishing that defendants had transacted business within Colorado, but the undisputed facts established the contrary; therefore in personam jurisdiction over defendants did not lie. E. R. Callender Printing Co. v. District Court, 182 Colo. 25, 510 P.2d 889 (1973).
Plaintiff contends that the allegations in the complaint controverted the facts asserted by defendants. However, since the complaint, as amended, set forth no facts pertinent to the issue of jurisdiction, this argument has no merit.
In Bolger v. Dial-A-Style Leasing Corp., 159 Colo. 44, 409 P.2d 517 (1966), a case involving substituted service on a foreign corporation by serving the Secretary of State under C.R.S.1963, § 31-9-19, the court held that, although the motion to quash service was properly granted, it was not proper for the trial court to dismiss the complaint. However, in later cases involving the use of the long-arm statute to obtain jurisdiction of non-resident defendants, both the Supreme Court and this court have affirmed the dismissal of complaints when service has been quashed because the defendants had not performed any acts which would bring them within the provisions of that statute. These cases include A.R.B. v. G.L.P., 180 Colo. 439, 507 P.2d 468 (1973), which affirms People in the Interest of D.R.B., 30 Colo.App. 603, 498 P.2d 1166 (1972); Perlman v. Great States Life Insurance Co., 164 Colo. 493, 436 P.2d 124 (1968); D.E.B. Adjustment Co. v. Dillard, 32 Colo. App. 184, 508 P.2d 420 (1973). Therefore we affirm the judgment of dismissal.

*986 II.
After the court had dismissed the complaint and quashed the service of process, plaintiff asked the court to make findings of fact regarding the alleged conversion, as set forth in his tendered second amended complaint. Whereupon, the trial court found that the defendants were exercising their rights under a security agreement executed by plaintiff, and that the repossession did not constitute a tortious act committed in Colorado. The trial court, by its ruling, in effect denied the motion to file the second amended complaint.
On appeal, plaintiff contends that he should have been permitted to file his tendered second amended complaint. He also contends that, even though he requested the findings, the court erred in determining on the merits the issues raised by that amendment.
We affirm the order of the trial court insofar as it denied the filing of the second amended complaint. Plaintiff, having taken his first amendment as of right, could thereafter only amend by leave of court. C.R.C.P. 15(a). While leave to amend shall be freely given, the decision is placed within the sound discretion of the trial court and its decision will not be disturbed on appeal unless an abuse of discretion is shown. We find no such abuse. Palmer Park Gardens, Inc. v. Potter, 162 Colo. 178, 425 P.2d 268 (1967); Horn v. Reitler, 15 Colo. 316, 25 P. 501 (1890).
Amendments may be made to cure defects in pleading jurisdiction. Johnson v. Johnson, 30 Colo. 402, 70 P. 692 (1902); Francisco v. Cascade Investment Co., 29 Colo.App. 516, 486 P.2d 447 (1971). But an amendment to justify long-arm jurisdiction must be based on facts existing at the time the complaint was filed. See Bardahl Manufacturing Corp. v. District Court, 150 Colo. 312, 372 P.2d 447 (1962); Johnson v. Johnson, supra. The alleged incident plaintiff relied on in his proposed amendment occurred over a year after he filed his complaint, and the amendment did not aver facts establishing direct personal jurisdiction over the defendants at the time of service of the summons. Thus the facts alleged in the amendment, even if true, were not competent to cure the jurisdictional defects of the existing complaint and service.
Jenkins also asserts that his proposed amendment should relate back to the time he filed his original complaint. In order to relate back, an amendment must meet the requirements of C.R.C.P. 15(c) which requires that the claim asserted by amendment must arise out of "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Plaintiff's proposed amendment alleged tortious repossession of his airplane, conduct which had not occurred at the time he filed his action. While the repossession may have been part of the ongoing contractual relationship of the parties, it formed the basis of a separate and new cause of action which was not, and could not have been, raised by the original pleadings. Hence, there can be no relation back.

III.
The trial court erred in making findings on the issues sought to be raised by the tendered amended complaint. Since the court did not grant the filing of that amendment, there was nothing before the court on which it could rule. Therefore those findings must be stricken.
The judgment is modified by striking the findings relative to the repossession of the airplane, and, as so modified, the judgment dismissing the complaint is affirmed.
COYTE, J., concurs.
BERMAN, J., dissents.
BERMAN, Judge, dissenting:
I disagree with the majority's conclusions on three separate, though related, questions.
First, I do not believe that dismissal of the complaint is a proper remedy for lack of personal jurisdiction. As our Supreme Court has expressly stated at least three *987 times, the only proper remedy in such a case is to quash the service. Hoen v. District Court, 159 Colo. 451, 412 P.2d 428 (1966); Bolger v. Dial-A-Style Leasing Corp., 159 Colo. 44, 409 P.2d 517 (1966); Fletcher v. District Court, 137 Colo. 143, 322 P.2d 96 (1958). "[M]ere failure to obtain [personal jurisdiction] does not warrant dismissal of the cause of action. It is Hornbook law that a cause of action filed may remain so. . . pending service of process upon the parties." Fletcher, supra. And this distinction was also recognized, without discussion, in at least three other cases. Vandermee v. District Court, 164 Colo. 117, 433 P.2d 335 (1967); White-Rodgers Co. v. District Court, 160 Colo. 491, 418 P.2d 527 (1966); Cox v. District Court, 160 Colo. 437, 417 P.2d 792 (1966).
Furthermore, in all of the cases cited by the majority in support of dismissal, the courts merely affirmed the results below without even mentioning, much less addressing, this issue. A.R.B. v. G.L.P., 180 Colo. 439, 507 P.2d 468 (1973); Perlman v. Great States Life Insurance Co., 164 Colo. 493, 436 P.2d 124 (1968); D.E.B. Adjustment Co. v. Dillard, 32 Colo.App. 184, 508 P.2d 420 (1973). Nor have I been able to find any other case which addresses this issue and holds that dismissal is proper.
I am not convinced that the purpose of these more recent cases was to overrule the earlier ones by implication. If that had been intended, it would have been very easy for the courts to say so.
Second, I find no support for the majority's conclusion that the basis for long-arm jurisdiction must exist at the time the complaint is originally filed. In fact, I believe that Bardahl Manufacturing Corp. v. District Court, 150 Colo. 312, 372 P.2d 447 (1962), cited by the majority, implies the contrary. It was there stated that:
"The difficulty with respondents' position is that no new evidence appears in this record to show that since the first adverse ruling . . . in 1956, and the present attempted service on the Secretary of State [in 1959], complainants' status as foreign corporations doing business in Colorado had altered from that in 1956 when the matter was first determined. Nor is there evidence that either complainant has filed the necessary documents. . . so as to voluntarily subject themselves to process in Colorado. . . ."
The implication is unmistakable that evidence of jurisdictional facts which had occurred during the interim period involved would have led to a finding of personal jurisdiction. Here, the allegedly tortious repossession was precisely that type of evidence.
Finally, I would hold that the trial court abused its discretion in denying the plaintiff's motion to amend. The sole effect of that ruling, and the majority's affirmance thereof, is to force plaintiff to bring another action based on the repossession. It seems to me to be wasteful, in this time of limited judicial resources, to demand the filing of separate actions where all the questions involved can easily be determined together.
For these reasons, I would reverse the judgment of dismissal.