Robert L. WENZ, Francois Matheson Holdings, Ltd., and Bishops BTC, Limited, Plaintiffs–Appellants,

v.

NATIONAL WESTMINSTER BANK, PLC, Defendant–Appellee.

No. 03CA0124.

Colorado Court of Appeals, Div. II.

March 25, 2004.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

 § 24–51–1105, C.R.S.2003.

Welborn Sullivan Meck & Tooley, PC, William R. Rapson, Stephen A. Bain, Denver, Colorado, for Plaintiffs–Appellants.

Holme Roberts & Owen, LLP, Martin D. Litt, Donald I.J. Kelso, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge NIETO.

Plaintiffs, Robert L. Wenz, Francois Matheson Holdings, Ltd., and Bishops BTC, Limited (collectively Wenz), appeal the trial court's order denying their motion to conduct discovery on the issue of personal jurisdiction over defendant, National Westminster Bank, PLC (Natwest). We affirm.

Wenz and a business associate each owned several residential freehold estates in England. Wenz and the associate were also co-owners of property management companies that managed the residential freehold estates.

The associate came to Colorado and urged Wenz to participate in a "balance support system" operated by Natwest. Natwest is a British bank operating in the United Kingdom. According to Wenz, a "balance support system" is "a complicated accounting and financial structure involving reciprocal debits, credits, transfers and loans to and from the leasehold bank accounts designed to financially maximize interest income on each of the leasehold accounts." The bank accounts involved in this case are located in the United Kingdom, and the business operations related to the "balance support system" and all money transfers took place in the United Kingdom.

Participation in the "balance support system" required Wenz to make a security deposit of £100,000 (British pounds) and provide a guarantee to Natwest, both of which Wenz provided. Wenz alleges, among other claims, that Natwest converted the £100,000 security deposit.

In the complaint, Wenz asserted that Natwest regularly conducted business in Colorado and that the business associate acted as its agent in soliciting the £100,000 security deposit. Natwest disputed these claims and moved to dismiss the suit for lack of personal jurisdiction, making a factual attack. *See Archangel Diamond Corp. v. Arkhangelskgeoldobycha*, 94 P.3d 1208, 2004 WL 583634 (Colo.App. No. 02CA2368, March 25, 2004)(distinguishing facial and factual attacks on jurisdiction). In his response to this motion, Wenz requested limited discovery on the issue of jurisdiction prior to the court's ruling. The court denied Wenz's discovery request and granted the motion to dismiss.

The trial court found: "The allegations of jurisdiction in the complaint are conclusory and refuted by the affidavits submitted by defendant.... In summary, plaintiff's have presented no facts which would satisfy § 13–1–124(1)(a) [C.R.S.2003] or the minimum contacts requirements (sic) for personal jurisdiction." Wenz does not challenge these findings on appeal, but contends only that the trial court erred in denying his request for limited discovery on the issue of personal jurisdiction before dismissing the case. Wenz argues that he had a right as a matter

of law to conduct such discovery or, in the alternative, that complete denial of discovery was an abuse of discretion. We disagree.

■ Generally, pretrial discovery matters are within the trial court's discretion. *Leaffer v. Zarlengo,* 44 P.3d 1072 (Colo.2002); *Hayes v. Dist. Court,* 854 P.2d 1240 (Colo. 1993). The trial court's discretion includes rulings limiting discovery. On review, we will not disturb a discovery ruling absent an abuse of discretion. An abuse of discretion occurs only when the trial court's decision is manifestly arbitrary, unreasonable, or unfair. *Keybank v. Mascarenas,* 17 P.3d 209, 214 (Colo.App.2000).

The parties have cited no Colorado authority precisely on the issue of discovery on jurisdictional issues, and we are aware of none. However, C.R.C.P. 12(b)(2) is identical to Fed.R.Civ.P. 12(b)(2), and thus we may look to federal authorities for guidance. *See Trinity Broad. of Denver, Inc. v. City of Westminster,* 848 P.2d 916, 924 (Colo.1993).

It is generally recognized that discovery on jurisdictional issues is within the discretion of the trial court. 2 *Moore's Federal Practice* § 12.30(7) (3d ed.2003); Wright & Miller, *Federal Practice and Procedure* § 1067.6 (2003); *see also Sizova v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320 (10th Cir.2002); *Chrysler Corp. v. Fedders Corp.,* 643 F.2d 1229 (6th Cir.1981); *Arch v. Am. Tobacco Co.,* 984 F.Supp. 830 (E.D.Pa.1997).

■ These federal authorities are persuasive and consistent with Colorado law governing pretrial discovery. Therefore, we conclude that the regulation of pretrial discovery on the issue of personal jurisdiction, including the denial of discovery, is within the trial court's discretion, and Wenz did not have a right as a matter of law to conduct discovery.

■ Wenz argued to the trial court that discovery in three areas might reveal information that would support the claim of personal jurisdiction: (1) that his business associate was acting as an agent for Natwest; (2) that Natwest regularly did business in Colorado because it had a correspondent banking relationship with several Colorado banks; and (3) that Natwest did business in Colorado through a subsidiary. While it is possible that such discovery would be fruitful, it also may be costly and burdensome for Natwest. *See DM Research, Inc. v. Coll. of Am. Pathologists,* 170 F.3d 53 (1st Cir.1999)(plaintiff must allege a factual predicate concrete enough to warrant discovery proceedings, which may be costly and burdensome).

However, in each of these areas, Wenz's assertions are conclusory and unsupported by factual allegations. Courts are not bound to accept legal conclusions couched as factual allegations. *Jazini v. Nissan Motor Co.,* 148 F.3d 181 (2d Cir.1998).

■ Where a plaintiff has failed to present facts that show how personal jurisdiction might be established if discovery were permitted, it is not an abuse of discretion to deny discovery on the issue. *United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610 (1st Cir.2001); *see also Cent. States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934 (7th Cir. 2000)(not abuse of discretion to deny discovery where no colorable showing of jurisdiction); *Jazini v. Nissan Motor Co., supra* (where plaintiff failed to establish prima facie showing of personal jurisdiction it was not abuse of discretion to deny discovery).

Wenz's allegation that the business associate was acting as an agent for Natwest is supported only by his statements that "[he] understood" the associate was so acting and "subsequent conversations" with Natwest. Wenz set out no factual support for his assertion of agency.

■ Wenz's assertion concerning Natwest's correspondent banking relationships is not fleshed out with any factual statement concerning the nature of banking transactions, if any, conducted through these relationships. The existence of a correspondent banking relationship with a local bank, standing alone, is not sufficient to establish personal jurisdiction. *Oriental Imps. & Exps., Inc. v. Maduro & Curiel's Bank,* 701 F.2d 889 (11th Cir.1983).

■ The assertion that Natwest conducted business in Colorado through a subsidiary was supported by an organizational chart

showing that the subsidiary was related to Natwest through two other intervening corporations. However, there were no factual statements concerning the corporate relationships, stock ownership, board of directors composition, or management practices that would support a conclusion that Natwest was doing business through the subsidiary. Mere stock ownership or having common directors in a local corporation are not sufficient to justify exercising personal jurisdiction over an out-of-state resident. *Perlman v. Great States Life Ins. Co.*, 164 Colo. 493, 436 P.2d 124 (1968); *Sender v. Powell*, 902 P.2d 947 (Colo.App.1995).

■ It is not manifestly arbitrary, unreasonable, or unfair, and thus not an abuse of discretion, to require a plaintiff to assert facts sufficient to satisfy the trial court that discovery might reveal evidence showing personal jurisdiction before requiring a defendant to bear the cost and burden of responding to discovery. Wenz failed to make such a factual showing. Accordingly, we conclude that the trial court did not abuse its discretion by refusing to permit Wenz to conduct discovery on the issue of personal jurisdiction.

Order affirmed.

Judge ROTHENBERG and Judge PICCONE concur.