**George F. THOMPSON,
Plaintiff–Appellant,**

v.

**Lynette Beamer THORNTON,
Defendant–Appellee.**

**No. 06CA1595.**

Colorado Court of Appeals,
Div. III.

Nov. 26, 2008.

George F. Thompson, pro se.

The Baty Law Firm, PC, Michael W. Baty, Durango, Colorado, for Defendant–Appellee.

Opinion by Judge RUSSEL.

Plaintiff, George F. Thompson, appeals the trial court's judgment in favor of defendant, Lynette Beamer Thornton. We affirm in part and reverse in part.

## I. Background

Plaintiff and defendant lived together as boyfriend and girlfriend. During this time, plaintiff helped remodel defendant's home. After the relationship ended, plaintiff sued defendant to recover the value of his work on her home. He also sought partition of a boat that he and defendant owned jointly. Defendant asserted various counterclaims, including a claim for enforcement of a promissory note.

After a bench trial, the court awarded compensatory damages of approximately $6,000 to plaintiff (for unjust enrichment) and $13,000 to defendant (on the promissory note). The court awarded defendant $100 in exemplary damages. It also ordered partition of the boat.

Both parties filed post-judgment motions. After considering the motions, the court increased the amount of exemplary damages and awarded defendant an additional $2,500 in emotional damages, plus her attorney fees.

## II. Subpoenas

Plaintiff contends that the trial court erred in quashing his subpoenas. We find no basis for reversal.

### A. Subpoena Duces Tecum

After the parties ended their relationship, defendant sold her house to a person who would not allow plaintiff on the property. Plaintiff issued a subpoena duces tecum commanding the buyer to allow an inspection of the house. The trial court quashed this subpoena.

Plaintiff challenges the court's decision. Relying on an article that appeared in the Colorado Lawyer, he argues that a subpoena duces tecum issued under C.R.C.P. 45(b)—to "command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein"—includes the power to command inspection of real property. *See* Kimberly T. Henry, *Rule 34(c): Discovery of Non–Party Land and Large Intangible Things,* 14 Colo. Law. 562 (Apr.1985).

We reject this argument. Although "tangible things" includes many items in the abstract, the term is more limited in the context of C.R.C.P. 45(b). There, under the principle of ejusdem generis, "tangible things" is a residual category which includes items that may be "produce[d]," such as books, papers, and documents. *See People v. Beck,* 187 P.3d 1125, 1129 (Colo.App.2008) (under the principle of ejusdem generis, the phrase "thing of value" comprises things that are similar to items listed in the identity theft statute). Therefore, within the meaning of C.R.C.P. 45(b), "tangible things" does not include real estate or fixtures.

We note that C.R.C.P. 45(b) is substantially similar to a prior version of Fed.R.Civ.P. 45. And we note that the federal rule was amended so that a party could command a non-party to "permit the inspection of premises." *See* Fed.R.Civ.P. 45(a)(1)(A)(iii); Fed. R.Civ.P. 45 advisory committee's note to 1991 amendment (before the amendment, an independent proceeding was necessary to secure inspection of premises in the possession of a non-party). In the absence of similar

amendment in Colorado, we conclude that C.R.C.P. 45(b) does not permit the procedure that plaintiff attempted to employ. *See Benton v. Adams*, 56 P.3d 81, 86 (Colo.2002) ("When a Colorado Rule is similar to a Federal Rule of Civil Procedure, we may look to federal authority for guidance in construing the Colorado rule.").

### B. Depositions

Plaintiff subpoenaed a number of witnesses for depositions. The trial court quashed those subpoenas, noting in its order that depositions generally are not available under the simplified procedure for civil actions. *See* C.R.C.P. 16.1(a)(2).

■ Relying on C.R.C.P. 16.1(k)(4), plaintiff argues that he should have been allowed to depose his own witnesses in lieu of presenting their live testimony at trial. We not persuaded that the court abused its discretion in disallowing depositions for this purpose. *See Wenz v. Nat'l Westminster Bank, PLC,* 91 P.3d 467, 469 (Colo.App.2004) (discovery matters are within the trial court's discretion).

Plaintiff has failed to show that the depositions were necessary. He does not allege that any of the would-be deponents were unavailable at trial, and the record shows that most of them testified. Plaintiff suggests that, had there been a deposition, he would have had more time to question one witness. But the record shows that he had ample time to question this witness at trial. (After completing his examination of this witness, plaintiff requested a recess because he was running ahead of schedule.)

Under the circumstances, plaintiff has failed to show that the court's ruling was improper or prejudicial. *See* C.R.C.P. 61; *Devenyns v. Hartig,* 983 P.2d 63, 69 (Colo. App.1998) (court's evidentiary ruling was not prejudicial because plaintiff could have introduced the same evidence by "an alternate method").

### III. Partition of the Boat

■ We reject two contentions that concern plaintiff's claim for partition of the parties' boat:

1. The trial court did not abuse its discretion in refusing to compel production of the boat or to inspect the boat. Plaintiff did not make these requests until the day of trial. *See Commonwealth v. Vardinski,* 53 Mass.App.Ct. 307, 758 N.E.2d 1087, 1094 (2001) (motion to compel production, made on the day of trial, was properly rejected as untimely), *rev'd on other grounds,* 438 Mass. 444, 780 N.E.2d 1278, 1289 (2003).

2. The record supports the trial court's finding that defendant did not damage the boat through improper storage. *See Archuleta v. Gomez,* 140 P.3d 281, 285 (Colo.App.2006) (we will reverse a trial court's findings only if they have no support in the record). Defendant testified that the boat was properly stored and had not been damaged. Plaintiff presented no direct evidence that the boat had been damaged.

### IV. Damages

Plaintiff contends that the trial court improperly awarded emotional and exemplary damages. We agree.

■ The trial court found that defendant had prevailed on her counterclaim for enforcement of a promissory note. Because that is a contractual claim, emotional and exemplary damages were not available. *See* § 13–21–102.5(6)(a)(I), C.R.S.2008 (no recovery of noneconomic losses in a claim for breach of contract unless conditions not present here are met); *Decker v. Browning–Ferris Indus. of Colo., Inc.,* 931 P.2d 436, 446 (Colo.1997) (exemplary damages not allowed when only claim is for breach of contract).

### V. Award of Attorney Fees

■ Plaintiff contends that the trial court abused its discretion in awarding defendant her attorney fees under section 13–17–102, C.R.S.2008. We disagree.

■ A pro se party may be assessed attorney fees if the court finds that he "knew or reasonably should have known that his action or defense, or any part thereof, was substan-

tially frivolous, substantially groundless, or substantially vexatious." § 13–17–102(6), C.R.S.2008. A "vexatious" claim is one brought or maintained in bad faith. *Mitchell v. Ryder*, 104 P.3d 316, 321 (Colo.App.2004).

Here, the trial court found that plaintiff had acted in bad faith during the litigation. This finding is supported by defendant's testimony and plaintiff's abusive e-mails. We therefore uphold the court's ruling. *See W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo.1984) (bad faith may be evidenced by conduct that is arbitrary, vexatious, abusive, or stubbornly litigious, including conduct that is aimed at unwarranted delay or is disrespectful of truth and accuracy).

## VI. Attorney Fees on Appeal

We deny defendant's request for attorney fees incurred on appeal because plaintiff's appeal does not lack substantial justification. *See Wood Bros. Homes, Inc. v. Howard*, 862 P.2d 925, 934–36 (Colo.1993).

The awards of emotional and exemplary damages are reversed. In all other respects, the judgment is affirmed.

Judge CASEBOLT and Judge J. JONES concur.